MAY 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED

A CERTIFIED TRUE COPY
ATTEST

By April Layne on Apr 09, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2008 APR 29 AM 10: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.

CORRECTED

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

TD

Apr 09, 2008

FILED
CLERK'S OFFICE

FILED: APRIL 09, 2008
08CV2429          CEM
JUDGE COAR

**IN RE: AQUA DOTS PRODUCTS**
**LIABILITY LITIGATION**                    MDL No. 1940

Sandra Irene Soderstedt -v- Moose Enterprise Pty Ltd., et al.

CV07-7546 MMM (PLAx)        **TRANSFER ORDER**

**Before the entire Panel**[*]: Defendants Spin Master Ltd. and Spin Master, Inc., initially moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in either the Northern District of Illinois or Eastern District of Arkansas. All responding parties agreed that centralization is appropriate and variously supported selection of either of these two districts or the Central District of California as transferee forum. At oral argument, movants and plaintiffs informed the Panel that all responding parties now agree that the Northern District of Illinois is the most appropriate transferee district for this litigation.

This litigation presently consists of seven actions listed on Schedule A and pending in six districts as follows: two actions in the Central District of California and one action each in the Eastern District of Arkansas, the Southern District of Florida, the Northern District of Illinois, the Western District of Missouri, and the Northern District of Texas.[1]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the (1) design and manufacture of Aqua Dots, and/or (2) the adequacy of the November 2007 voluntary recall of this product. Centralization under

_____

[*] Judge Scirica took no part in the disposition of this matter. Another Panel member who could be a member of a putative class in this litigation has renounced his participation in this class and has participated in this Panel decision.

[1] The Panel has been notified that two other related actions have recently been filed, one action each in the Northern District of Illinois and the Western District of Kentucky. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

MICHAEL W. DOBBINS, CLERK

By /s/ WILLIAM A. HAYNES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: APRIL 28, 2008

I hereby attest and certify that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

by _____ Deputy

- 2 -

Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings–especially on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

We further find that the Northern District of Illinois is an appropriate transferee district for this litigation, because (1) the Illinois district is relatively conveniently located in relation to documents and witnesses located at Spin Master Ltd.'s Canadian headquarters, and (2) all parties now agree upon centralization in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable David H. Coar for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen            J. Frederick Motz
Robert L. Miller, Jr.       Kathryn H. Vratil
David R. Hansen             Anthony J. Scirica

IN RE: AQUA DOTS PRODUCTS LIABILITY
LITIGATION                                           MDL No. 1940

## SCHEDULE A

Eastern District of Arkansas  -  08cv2367

Donald C. Erbach, Jr., et al. v. Spin Master, Ltd., et al., C.A. No. 4:07-1112

Central District of California  -  08cv2368

Kim A. Cosgrove v. Spin Master, Ltd., et al., C.A. No. 2:07-7544
Sandra Irene Soderstedt v. Moose Enterprise Pty Ltd., et al., C.A. No. 2:07-7546

Southern District of Florida  -  08cv2369

Simon Bertanowski, et al. v. Moose Enterprise Pty Ltd., et al., C.A. No. 1:07-22941

Northern District of Illinois

Robyn Williams v. Spin Master, Ltd., C.A. No. 1:07-6387

Western District of Missouri  -  08cv2370

Michael J. Burgess v. Spin Master, Ltd., C.A. No. 3:07-5110

Northern District of Texas  -  08cv2371

Eric K. Botsch v. Spin Master, Inc., et al., C.A. No. 3:07-1948

(PLAx), CLOSED, DISCOVERY, MANADR, RELATED-G, STAYED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-07546-MMM-PLA
### Internal Use Only

Sandra Irene Soderstedt v. Moose Enterprise Pty Limited et al

Assigned to: Judge Margaret M. Morrow

Referred to: Magistrate Judge Paul L. Abrams

Related Case: 2:07-cv-07544-MMM-PLA

Cause: 15:1692 Fair Debt Collection Act

Date Filed: 11/16/2007
Date Terminated: 03/20/2008
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

## Plaintiff

**Sandra Irene Soderstedt**
*on behalf of herself and all others similarly situated*

represented by **Rosemary M Rivas**
Finkelstein Thompson
100 Bush Street
Suite 1450
San Francisco, CA 94101
415-398-8700
Email: rrivas@finkelsteinthompson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark L Punzalan**
Finkelstein Thompson LLP
100 Bush Street
Suite 1450
San Francisco, CA 94104
415-398-8700
Email: mpunzalan@finkelsteinthompson.com

I hereby attest and certify on 5/1/08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By_____Deputy

0044

V.

## Defendant

**Moose Enterprise Pty Limited**

represented by **Dana M Gilreath**
Clinton & Clinton
100 Oceangate 14th FL
Long Beach, CA 90802
(562) 216-5000
Email: dgilreath@clinton-clinton.com
*ATTORNEY TO BE NOTICED*

## Defendant

**Spin Master, Limited**                    represented by **Ina D Chang**
                                                            Shook Hardy & Bacon LLP
                                                            333 Bush Street Suite 600
                                                            San Francisco, CA 94104-2828
                                                            415-544-1900
                                                            Email: ichang@shb.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Randall D Haimovici**
                                                            Shook Hardy & Bacon LLP
                                                            333 Bush Street Suite 600
                                                            San Francisco, CA 94104-2828
                                                            415-544-1900
                                                            Email: rhaimovici@shb.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tammy B Webb**
                                                            Shook Hardy & Bacon LLP
                                                            333 Bush Street Suite 600
                                                            San Francisco, CA 94104-2828
                                                            415-544-1900
                                                            Email: tbwebb@shb.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**
**Spin Master, Incorporated**                represented by **Ina D Chang**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Randall D Haimovici**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tammy B Webb**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**
**DOES**
*1 through 10*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 11/16/2007 | ●1 | COMPLAINT against Defendants Moose Enterprise Pty Limited, Spin Master, Limited, Spin Master, Incorporated, DOES 1 through 10. (Filing fee $ 350 PAID.) Jury Demanded., filed by Plaintiff Sandra Irene Soderstedt. (et) (Entered: 11/26/2007) |
| 11/16/2007 | ● | 20 DAY Summons Issued re Complaint - (Discovery) [1] as to Defendants Moose Enterprise Pty Limited, Spin Master, Limited, Spin Master, Incorporated, DOES 1 through 10. (et) (Entered: 11/26/2007) |
| 11/16/2007 | ●2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Sandra Irene Soderstedt. (et) (Entered: 11/26/2007) |
| 11/16/2007 | ● | FAX number for Attorney Rosemary M Rivas is 415-398-8704. (et) (Entered: 11/26/2007) |
| 11/16/2007 | ●3 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed. (et) (Entered: 11/26/2007) |
| 11/27/2007 | ●4 | STANDING ORDER by Judge Percy Anderson: This action has been assigned to the calendar of Judge Percy Anderson. All counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. See document for further details. (gk) (Entered: 11/28/2007) |
| 12/10/2007 | ●5 | ORDER by Judge Percy Anderson,The Court has reviewed the Complaint filed by plaintiff Sandra Soderstedt on behalf of herself and those similarly situated (Plaintiffs) against defendants Moose Enterprises Pty Ltd., Spin Master Ltd., Spin Master, Inc., and Does 1 through 10 (Defendants). Jurisdiction has been alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(2) and 1332(d). Plaintiffs allege that three of the Defendants are foreign entities, and one Defendant, Spin Master, Inc., is incorporated in the state of Delaware and has its principal place of business in New York. The citizenship of plaintiff Sandra Soderstedt, however, is not alleged. Upon review of Plaintiffs Complaint, the Court has determined that further inquiry into whether it has subject matter jurisdiction is warranted. Plaintiffs are hereby ordered to provide information concerning the citizenship of Sandra Soderstedt in the form of an affidavit sworn under penalty of perjury by a competent witness on or before January 3, 2008. (kr) (Entered: 12/11/2007) |
| 12/18/2007 | ●6 | AFFIDAVIT of Sandra Irene Soderstedt Regarding Citizenship filed by Plaintiff Sandra Irene Soderstedt (vh) (Entered: 12/26/2007) |
| 01/14/2008 | ●7 | MINUTES - IN CHAMBERS by Judge Percy Anderson: As of 1/1/2008, the United States District Court for the Central District of California requires the electronic filing of documents in all new and pending civil cases. Information about the Court's Case Management/Electronic Case Files ("CM/ECF") system is available on the Court's website at www.cacd.uscourts.gov/cmecf. Pursuant to General Order 07-08, section VI, paragraphs C and J, which allow the Court to set a specific time of day for Courtesy Copies to be delivered to Chambers and documents to be considered timely filed, the electronic filing of all documents required |

| | | |
|---|---|---|
| | | to be filed electronically in this matter shall be completed by 4:00 PM on the date due and Courtesy Copies must be delivered to Chambers by 5:00 PM on the date due. Documents filed electronically after 4:00 PM on the date due will be considered untimely and may result in the striking of the document and the imposition of other sanctions. Court Reporter: Not Reported. (gk) (Entered: 01/15/2008) |
| 01/22/2008 | ◯8 | NOTICE of Appearance filed by attorney Mark L Punzalan on behalf of Plaintiff Sandra Irene Soderstedt (Punzalan, Mark) (Entered: 01/22/2008) |
| 01/22/2008 | ◯9 | NOTICE of Related Case(s) filed by Plaintiff Sandra Irene Soderstedt. Related Case(s): 07-cv-07544-MMM (PLAx) (Attachments: # 1 Exhibit A)(Punzalan, Mark) (Entered: 01/22/2008) |
| 01/22/2008 | ◯10 | CERTIFICATE OF SERVICE filed by Plaintiff Sandra Irene Soderstedt, *Notice of Appearance and Notice of Related Cases* served on 1/22/2008. (Punzalan, Mark) (Entered: 01/22/2008) |
| 01/23/2008 | ◯11 | NOTICE of Motion Before the Judicial Panel on Multidistrict Litigation filed by Defendant Spin Master, Limited, Spin Master, Incorporated. (Webb, Tammy) (Entered: 01/23/2008) |
| 01/23/2008 | ◯ | (Court only) ***Attorney Tammy B Webb, Randall D Haimovici and Ina D Chang for Spin Master, Limited,Spin Master, Incorporated added. (gk) (Entered: 02/03/2008) |
| 01/23/2008 | ◯ | FAX number for Attorney Ina D Chang, Randall D Haimovici, Tammy B Webb is 415-391-0281. (gk) (Entered: 02/03/2008) |
| 02/01/2008 | ◯12 | RESPONSE filed by Defendants Spin Master, Limited, Spin Master, Incorporatedto Notice of Related Case(s)9 (Chang, Ina) (Entered: 02/01/2008) |
| 02/12/2008 | ◯13 | FIRST STIPULATION Extending Time to Answer the complaint as to Spin Master, Limited answer now due 3/20/2008; Spin Master, Incorporated answer now due 3/20/2008, filed by Defendants Spin Master, Limited; Spin Master, Incorporated.(Chang, Ina) (Entered: 02/12/2008) |
| 02/14/2008 | ◯14 | NOTICE OF MOTION AND MOTION to Stay Case pending Transfer Decision By The Judicial Panel On Multidistrict Litigation filed by Defendants Spin Master, Limited, Spin Master, Incorporated.Motion set for hearing on 3/10/2008 at 01:30 PM before Judge Percy Anderson. (Attachments: # 1 Proposed Order)(Chang, Ina) (Entered: 02/14/2008) |
| 02/14/2008 | ◯15 | NOTICE OF MOTION re MOTION to Stay Case pending Transfer Decision By The Judicial Panel On Multidistrict Litigation14 filed by Defendants Spin Master, Limited, Spin Master, Incorporated. Motion set for hearing on 3/10/2008 at 01:30 PM before Judge Percy Anderson. (Chang, Ina) (Entered: 02/14/2008) |
| 02/15/2008 | ◯16 | STIPULATION for Extension of Time to File Answer to, respond, move, or otherwise plead is extended until 30 days after the JPML grants, denies, or otherwise disposes of the two pending motions to transfer filed |

| | | |
|---|---|---|
| | | by Defendants Spin Master, Limited, Spin Master, Incorporated. (Attachments: # 1 Proposed Order)(Chang, Ina) (Entered: 02/15/2008) |
| 02/16/2008 | ●17 | ORDER denying request to respond, vacate other dates and stay of discovery by Percy Anderson (see document for details) mmo (Entered: 02/21/2008) |
| 02/25/2008 | ●18 | WAIVER OF SERVICE Returned Executed filed by plaintiff Sandra Irene Soderstedt. upon Spin Master, Limited waiver sent by Plaintiff on 2/25/2008, answer due 4/25/2008; Spin Master, Incorporated waiver sent by Plaintiff on 2/25/2008, answer due 4/25/2008. Waiver of Service signed by Ronald Rothstein. (Punzalan, Mark) (Entered: 02/25/2008) |
| 02/25/2008 | ●19 | OPPOSITION to MOTION to Stay Case pending Transfer Decision By The Judicial Panel On Multidistrict Litigation14 filed by Plaintiff Sandra Irene Soderstedt. (Punzalan, Mark) (Entered: 02/25/2008) |
| 03/03/2008 | ● | (Court only) PREPARED ORDER RE TRANSFER Pursuant to General Order 07-02 (Related Case) by Clerk; related to CV 07-7544 MMM (PLAx). (rn) (Entered: 03/03/2008) |
| 03/05/2008 | ●20 | ORDER by Judge Percy Anderson re Motion to Stay filed by Defendants Moose Ent., Spin Master Ltd., 15, 19. The hearing on Defendants' Motion is continued from March 10, 2008 to March 24, 2008 at 1:30pm. See body of order for ruling on motion to stay obligation to file answer. (rmo) (Entered: 03/05/2008) |
| 03/07/2008 | ●21 | Order on Pretrial Conference held before Judge Percy Anderson. See body of order for hearing date and deadlines of settlement conference.Court Reporter: Bridget Montereo. (rmo) (Entered: 03/07/2008) |
| 03/10/2008 | ●22 | letter filed by Defendants Spin Master, Limited, Spin Master, Incorporated *to disregard Docket # 21* re: Pretrial Conference - Interim21 (Chang, Ina) (Entered: 03/10/2008) |
| 03/11/2008 | ●23 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following deficiency was found Title page is missing; Per L.R. 83-2.11 No Communications with the Judge: RE Miscellaneous Document22 (csl) (Entered: 03/11/2008) |
| 03/17/2008 | ●24 | REPLY in Support of Motion MOTION to Stay Case pending Transfer Decision By The Judicial Panel On Multidistrict Litigation14 filed by Defendants Spin Master, Limited, Spin Master, Incorporated. (Attachments: # 1 Exhibit A - Cosgrove Order)(Chang, Ina) (Entered: 03/17/2008) |
| 03/18/2008 | ●28 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 - Related Case- filed. Related Case No: CV 07-7544 MMM (PLAx). Case transferred from Judge Percy Anderson and Jeffrey W. Johnson to Judge Margaret M. Morrow and Paul L. Abrams for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 07-7546 MMM (PLAx).Signed by Judge Margaret M. Morrow (rn) |

| | | (Entered: 03/25/2008) |
|---|---|---|
| 03/19/2008 | ●25 | IN CHAMBERS ORDER TO SHOW CAUSE by Judge Margaret M. Morrow : The court has accepted a transfer of Case No. CV 07-07546 to its calendar because it currently has pending before it related Case No. CV 07-07544-MMM(PLAx). The court issues and Order to Show Cause why this case should not be stayed pending a decision on the motion to transfer to the Judicial Panel on Multidistrict Litigation. A response is due 4/1/08. See Order. (ah) (Entered: 03/19/2008) |
| 03/20/2008 | ●26 | STIPULATION for Extension of Time to File Answer to complaint, respond, move, or otherwise plead is extended until 45 days after the JPML grants, denies, or otherwise disposes of the two pending motions to transfer filed by Defendants Spin Master, Limited, Spin Master, Incorporated. (Attachments: # 1 Proposed Order)(Chang, Ina) (Entered: 03/20/2008) |
| 03/20/2008 | ●27 | GRANTING ORDER STAYING CASE by Judge Margaret M. Morrow. See Order. (MD JS-6. Case) (ah) (Entered: 03/20/2008) |
| 03/25/2008 | ● | (Court only) Related cases: : Create association to 2:07-cv-07544-MMM-PLA. (rn) (Entered: 03/25/2008) |
| 04/02/2008 | ●29 | First STIPULATION to Waive Service of Summons filed by Defendant Moose Enterprise Pty Limited. (Attachments: # 1 Proposed Order)(Gilreath, Dana) (Entered: 04/02/2008) |
| 04/11/2008 | ●30 | NOTICE of Issuance of Transfer Order by Judicial Panel on Multidistrict Litigation filed by Defendants Spin Master, Limited, Spin Master, Incorporated. (Attachments: # 1 Exhibit A - Transfer Order)(Chang, Ina) (Entered: 04/11/2008) |
| 04/29/2008 | ●31 | TRANSFER ORDER: IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.1407, the actions listed on schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable David H. Coar for coordinated or consolidated pretrial proceedings with the action pending there and listed on schedule A. (bp) (Entered: 05/01/2008) |
| 05/01/2008 | ●32 | TRANSMITTAL of documents: Emailed copy of complaint, certified copies of docket sheet and transfer order to the USDC Northern District of Illinois. (bp) (Entered: 05/01/2008) |



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

May 1, 2008

Name & Address
Everett McKinley Dirksen
United States Courthouse,
20th Floor
219 South Dearborn Street
Chicago. IL 60604

Re: MDL ___1940___   In Re: __Agua Dots Products Liability Litigation_____

Transfer of our Civil Case No. __CV07-7546-MMM(PLAx)__   *08CV 2429*

Case Title: __Sandra Irene Soderstedt -v- Moose Enterprise Pty Ltd., et al,_____

Dear Sir/Madam:

An order having been made by the Judicial Panel on Multi-district Litigation transferring/ remanding the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with a copy of the order and a certified copy of the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

By __Brent Pacillas_____
Deputy Clerk

cc:   *All counsel of record*
      *Clerk, MDL Panel*

---

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and, if not already assigned, we have assigned this matter the following case number: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

CV-117 (5/00)        TRANSMITTAL LETTER - MDL CASE TRANSFER OUT

1   Rosemary M. Rivas (State Bar No. 209147)
    Email:  rrivas@finkelsteinthompson.com
2   **FINKELSTEIN THOMPSON LLP**
    100 Bush Street, Suite 1450
3   San Francisco, California 94101
    Telephone:  (415) 398-8700
4   Facsimile:  (415) 398-8704

5   Counsel for Plaintiff Sandra Irene Soderstedt

6

7                    **UNITED STATES DISTRICT COURT**

8            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9   SANDRA IRENE SODERSTedt, on         **CV07-07546** PA(JWJx)
10  behalf of herself and all others similarly   Case No.: _____
    situated,
11

12              Plaintiff,              **CLASS ACTION COMPLAINT**

13        vs.

14  MOOSE ENTERPRISE PTY LIMITED;       **DEMAND FOR JURY TRIAL**
    SPIN MASTER, LIMITED; SPIN
15  MASTER, INCORPORATED; and
    DOES 1 through 10,
16

17              Defendants.

18

19

20       Plaintiff, Sandra Irene Soderstedt, by and through her attorneys, based on

21  her individual experience and the investigation of counsel, on behalf of herself and

22  all those similarly situated, alleges the following:

23              **I.   NATURE OF THE CASE**

24       1.    This action is brought by Plaintiff on behalf of herself and all those

25  similarly situated. This action, brought on behalf of residents nationwide, seeks

26  declaratory and injunctive relief on behalf of the Plaintiff and class members

27  ("Class") who purchased the Chinese-made "Aqua Dots" toys designed,

28  manufactured, distributed, marketed and/or sold by Defendants Moose Enterprise

                                    1

1    PTY Limited; Spin Master, Limited; and Spin Master, Incorporated, between April

2    2007 and November 2007.

3         2.    On November 7, 2007, the United States Consumer Product Safety

4    Commission ("CPSC") announced that the coating on the Aqua Dots beads

5    contains butanediol – a chemical that can be converted to the "date rape" drug

6    gamma-hydroxy butyrate ("GHB"). The butanediol coating on Aqua Dots can turn

7    toxic when the beads are ingested and metabolized. Children who swallow the

8    beads can become comatose, develop respiratory depression, vomit, have seizures

9    or possibly die. About 4.2 million Aqua Dots products have been sold through

10   mass merchandisers nationwide and internationally. According to the CPSC, the

11   toys should be immediately taken away from children.

12        3.    Upon information and belief, the only remedy available for consumers

13   who return the Aqua Dots toy to Defendants is a free replacement of the beads or a

14   toy of equal value. Defendants are not offering a refund to consumers who return

15   the product to Defendants as a result of the recall. Additionally, retailers may or

16   may not offer a refund to consumers who return the product as a result of the

17   recall.

18        4.    As a result of Defendants' conduct, Plaintiff and the Class have suffered

19   injury-in-fact and have lost money and/or property. Plaintiff and the Class seek

20   equitable relief, including permanently enjoining Defendants from engaging in the

21   unlawful activities and practices complained of herein; an order requiring

22   Defendants to implement safety systems such as third-party laboratory testing of

23   all products imported from China and requiring Defendants to disclose the identity

24   of the supplier responsible for coating Aqua Dots with the chemical that converts

25   to GHB; and an order requiring Defendants to stop their current recall and

26   implement a full recall with reasonable procedures that allow Plaintiff and the

27   Class to easily participate in the recall; injunctive relief as described herein; and

28   disgorgement of profits as described herein on behalf of Plaintiff and the Class.

CLASS ACTION COMPLAINT

## II.    JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(a)(2) because the suit is between a citizen of a state and a subject of a foreign state, and 28 U.S.C. § 1332(d) because Plaintiff and Class members are of diverse citizenship from one or more Defendants; there are more than 100 class members nationwide; and the aggregate amount in controversy exceeds $5,000,000.  This Court also has personal jurisdiction over Defendants because Defendants are authorized to do business and in fact do business in this State, and Defendants have sufficient minimum contacts with this State and otherwise intentionally avail themselves of the markets in this State through the distribution, promotion, marketing and sale of its products in this State, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6.    Venue is proper in this District under 28 U.S.C. §1391.  The claims asserted in this Complaint arise, in part, within this District.  A substantial part of the events and conduct giving rise to the violations of law complained of herein occurred or emanated from this District.  Defendant Spin Master, Incorporated resides in the State.  Additionally, Defendants Spin Master Limited and Moose Enterprise PTY Limited are foreign corporations. Defendants also conduct business with consumers in this District and have caused injury to California residents.

## III.    THE PARTIES

7.    Plaintiff Sandra Irene Soderstedt ("Plaintiff") is the mother of a minor child, a seven year old boy.  Plaintiff purchased Aqua Dots, Model #70557, as a Christmas gift for her child on or around October 17, 2007.

8.    Defendant Moose Enterprise PTY Limited ("Moose Enterprise") is a foreign business entity having its principal place of business at 7-13 Ardena Court, East Bentleigh, Melbourne, VIC 3165 Australia.  Moose Enterprise produces the

3

1   toys at issue and distributes them in the State of California and nationwide.

2   Defendant Moose Enterprise conducts substantial business in the State of

3   California. One of Moose Enterprise's key export customers is Spin Master,

4   Limited. At all relevant times, Moose Enterprise acted by and through its agents,

5   servants, workers, employees, officers and directors, all of whom were acting

6   through the course and scope of their actual and apparent authority, agency, duties

7   or employment.

8       9.    Defendant Spin Master, Limited ("Spin Master, Ltd.") is a foreign

9   business entity of unknown structure having its principal place of business at 450

10  Front Street West, Toronto, ON M5V1B6 Canada. Spin Master, Ltd. distributes,

11  markets, promotes and sells merchandise including Aqua Dots in the State of

12  California and nationwide. Defendant Spin Master, Ltd. conducts substantial

13  business in the State of California. At all relevant times, Spin Master, Ltd. acted

14  by and through its agents, servants, workers, employees, officers and directors, all

15  of whom were acting through the course and scope of their actual and apparent

16  authority, agency, duties or employment.

17      10.   Defendant Spin Master, Incorporated ("Spin Master, Inc.") is a Delaware

18  corporation with its principal place of business and headquarters located at 300

19  International Drive, Suite 300, Williamsville, New York 14221. Spin Master, Inc.

20  is a wholly-owned subsidiary of Defendant Spin Master, Limited. Upon

21  information and belief, Defendant Spin Master, Inc. distributes, markets, promotes

22  and sells merchandise including Aqua Dots in the State of California and

23  nationwide. Spin Master, Inc. distributes Aqua Dots from its Los Angeles,

24  California site at 11872 La Grange Avenue, Los Angeles, California 90025. Spin

25  Master, Inc. conducts substantial business in the State of California. At all relevant

26  times, Spin Master, Inc. acted by and through its agents, servants, workers,

27  employees, officers and directors, all of whom were acting through the course and

28  scope of their actual and apparent authority, agency, duties or employment.

4

CLASS ACTION COMPLAINT

1      11.   Doe Nos. 1 through 10 are persons and/or entities that are or were

2   complicit in the scheme alleged herein.  The true identities of Does are currently

3   not known to Plaintiff.  Plaintiff will seek to amend this complaint after the actual

4   identities of Does are discovered.

5      12.   Defendants Moose Enterprise, Spin Master, Ltd., and Spin Master, Inc.

6   are herein referred to collectively as "Defendants."

7          **IV.   CO-CONSPIRATOR AND AGENCY ALLEGATIONS**

8      13.   Various other persons, firms, and corporations, the identities which are

9   presently unknown, have participated as co-conspirators with Defendants in the

10   violations alleged herein and have performed acts and made statements in

11   furtherance thereof.

12      14.   The facts alleged herein have been committed by Defendants and their

13   co-conspirators, or were authorized, ordered or done by their respective officers,

14   agents, employees, or representatives while actively engaged in the management of

15   each Defendant's business or affairs.

16      15.   Each of the Defendants named herein acted as the agent or joint venturer

17   of or for the other Defendants with respect to the acts, violations and common

18   course of conduct alleged herein for the purpose of enriching themselves at the

19   expense of consumers, resulting in damages to Plaintiff and the Class.

20          **V.   FACTUAL ALLEGATIONS**

21               **A.  Aqua Dots Toys**

22      16.   The Aqua Dots toy is a craft kit which allows children to create various

23   multi-dimensional designs.

24      17.   These toys, sold under brand names including Aqua Dots and Aqua

25   Beads, contain packets of brightly colored beads that children arrange into

26   mosaics, then sprinkle with water; the beads then fuse together in as little as ten

27   minutes to form durable artworks.

28

CLASS ACTION COMPLAINT

1    18.    The product is available in various different kits with accessories such as

2 a drying fan, applicator pen, design templates for the beads, and spray bottle.  The

3 products are marketed to children ages 4 and over.

4    19.    The Aqua Dots toys were sold at prices ranging from $17 to as much as

5 $30.

6    20.    Defendants manufacture, distribute, market, promote and sell

7 merchandise including Aqua Dots in the State of California and nationwide.

8    21.    The toys identified in Paragraphs 16 through 20 are hereinafter referred

9 to as "Aqua Dots."

10    **B.**    **Ingestion of GHB Has Harmful Effects on Young Children**

11    22.    GHB is an odorless, colorless, liquid that acts on the central nervous

12 system as a depressant/anesthesia.  *See*

13 *http://www.nida.nih.gov/Infofacts/RohypnolGHB.html.*

14    23.    GHB is naturally found in the human nervous system as well in citrus

15 fruits and wine.  Small doses are considered safe and are used to treat alcoholism,

16 as a weight loss tool, a sedative and general anesthetic.

17 *See http://www.injuryboard.com/newspost.aspx?id=28376&googleid=28376.*

18    24.    Butanediol is a solvent, commonly used as a raw material in factories to

19 manufacture some types of plastics and is converted into GHB after human

20 ingestion. *See id.*

21    25.    The Food and Drug Administration ("FDA") in 1999 declared butanediol

22 a Class I Health Hazard, meaning it can cause life-threatening harm.

23 *See http://www.cnn.com/2007/US/11/08/toys.daterapedrug.ap/index.html.*

24    26.    The Federal Hazardous Substance Act, 15 U.S.C. §1261(f)(1), defines

25 household products that are toxic as "hazardous substances."  Toys that are

26 intended for use by children and that contain a hazardous substance in such a

27 manner to be susceptible to access to children are automatically banned under 15

28 U.S.C. §1261(q).

6

CLASS ACTION COMPLAINT

27.     Butanediol is manufactured in China and elsewhere, including major multinational companies, and is also marketed over the Internet. *See id.*

28.     The most common effects of GHB after human ingestion include: euphoria, amnesia, intoxication, drowsiness, dizziness, nausea, amnesia, visual hallucinations, hypotension, brady-cardia, severe respiratory depression, and coma. In lower doses the most common side effects are: drowsiness, nausea, and hallucinations.  In higher doses the most common side effects are: unconsciousness, seizures, severe respiratory depression, coma or death. *See http://teenadvice.about.com/library/weekly/aa062502d.htm.*

29.     The FDA prohibited the sale and manufacture of GHB in 1990 under the *Samantha Reid Date-Rape Prohibition Act of 2000.*  Since then, GHB is associated with a more clandestine popularity as an illicit drug, particularly in the southeastern and western U.S.  It currently is prevalent in the dance music scene (at raves and nightclubs) as an alternative to "ecstasy" and amphetamines.  GHB often is used in conjunction with alcohol.  It has been implicated as a "date rape" drug. *See http://www.emedicine.com/emerg/topic848.htm.*

30.     According to the CPSC, the coating on the Aqua Dots beads that causes the beads to stick to each other when water is added, contains the chemical butanediol that can turn toxic when the beads are ingested.  Scientists have found the toy's coating, once metabolized, converts into GHB. *See http://www.cpsc.gov/cpscpub/prerel/prhtml08/08074.html.*

31.     According to the CPSC, children who swallow the beads can become comatose, develop respiratory depression or have seizures.  The CPSC has received several reports over the past several days of children swallowing the Aqua Dots beads.  A 20-month-old child in the U.S. swallowed several dozen beads.  He became dizzy and vomited several times before slipping into a comatose state for a period of time and was hospitalized.  A second child in the U.S. also vomited and slipped into a comatose state and was hospitalized for five days. *See id.*

7

1    32.    Recently, U.S. officials have raised alarm about products manufactured
2  in China.  Seafood containing harmful drugs, toothpaste with an ingredient found
3  in antifreeze, and pet food containing a chemical used to make plastic came from
4  China to the United States and were the subject of recalls.

5    **C.    The Discovery of the GHB Conversion in Aqua Dots Toys**

6    33.    In or around early October 2007, three Australian children were
7  hospitalized after ingesting beads from the Bindeez toys, Australia's 2007 Toy of
8  the Year and the Australian version of Aqua Dots.

9    34.    Two of the children, a two-year old boy and 10-year old girl, swallowed
10  the beads and were both admitted to a Sydney, Australia hospital.  The third child,
11  a 19-month old, also received medical help after ingesting the Bindeez beads.

12    35.    A biochemical geneticist, Dr. Kevin Carpenter, in Sydney, Australia
13  identified the problem when the first Australian boy was hospitalized.  Australian
14  doctors at Children's Hospital at Westmead first thought the boy had a genetic
15  disorder or was given illegal drugs by a family member.  But Dr. Carpenter, using
16  a mass spectrometer, said he saw a large peak of a "substance I didn't recognize."
17  A urine sample found GHB.  After two days, the compound dissipated from the
18  boy's system confirming the symptoms were not genetic.  *See*
19  *http://www.nytimes.com/2007/11/08/business/worldbusiness/08recall.html?ex=135*
20  *2264400&en=3f5ba1b256983b9e&ei=5088&partner=rssnyt&emc=rss*

21    36.    On or around October 8, 2007, Dr. Carpenter contacted Moose Enterprise
22  of Australia, who referred him to the Moose Enterprise's Hong Kong office.  The
23  manufacturer provided Dr. Carpenter a list of the beads' ingredients.  The list did
24  not include the dangerous industrial chemical.  Dr. Carpenter said the manufacturer
25  was reluctant to provide details of how the beads were made.  "The manufacturer
26  was very keen that Moose not know what was in them," apparently to prevent
27  Moose from ordering identical beads from another manufacturer, Dr. Carpenter
28  said. *Id.*

CLASS ACTION COMPLAINT

1      37.    On November 2, 2007, Dr. Carpenter alerted the Ministry of Fair Trading

2    of New South Wales in Sydney.  On the same day, the hospital's poison control

3    center sent out a warning about the beads to poison centers around Australia.

4      38.    On November 3, 2007, a mother living near Dr. Carpenter's hospital

5    found her 10-year-old daughter motionless.  Then, the girl began vomiting beads.

6    At the hospital's poison control center, doctors recognized the symptoms

7    immediately.  "Both the children presented with a coma and seizure-like

8    movements," said Dr. Naren Gunja, the deputy director of the center.  *See id.*

9      39.    On November 6, 2007, Moose Enterprise ordered a recall of Bindeez

10   beads in Australia.  Dr. Carpenter said safety regulators should look beyond

11   Bindeez to conduct laboratory tests on all similar craft toys.

12     40.    On November 7, 2007, Peter Mahon, a Moose Enterprise spokesman,

13   said the company had ordered safety tests on Bindeez beads sold in more than 40

14   other countries, including the U.S., but that it was awaiting results before deciding

15   whether to expand its recall beyond Australia.  But Amazon's British Web site,

16   Amazon.co.uk, abruptly stopped listing Bindeez products for sale.  Toys LiFung

17   (Asia) of Hong Kong said that it had removed all Bindeez items from the Toys "R"

18   Us stores that it operates in Hong Kong, Singapore and Malaysia.

19     41.    The Aqua Dots toys were supposed to be made using 1,5-pentanediol, a

20   nontoxic compound found in glue, but instead contained the harmful 1,4-

21   butanediol, which is widely used in cleaners and plastics.

22   *See http://www.cnn.com/2007/US/11/08/toys.daterapedrug.ap/index.html.*

23     42.    Moose Enterprise said that it reviewed the ingredients of the beads and

24   found that some batches did not match the list of ingredients promised by the

25   supplier.  "The substitution was not at any time approved by Moose, nor was

26   Moose made aware of any substitution by the supplier," the company said in a

27   statement, adding that it would add a safe but foul-tasting ingredient to future

28

CLASS ACTION COMPLAINT

1  beads to discourage children from eating them.  Moose Enterprise declined to

2  identify the supplier.

3      43.    Although it is not clear why 1,4-butanediol was substituted, it should be

4  noted that there is a significant price difference between butanediol and

5  pentanediol.  The Chinese online trading platform ChemNet China lists the price of

6  1,4-butanediol at between about $1,350-$2,800 per metric ton, while the price for

7  1,5-pentanediol (the chemical that should have been used) is about $9,700 per

8  metric. *See http://www.cnn.com/2007/US/11/08/toys.daterapedrug.ap/index.html*.

9      44.    Bindeez has since been pulled from store shelves in Australia.

10     45.    China's General Administration of Quality Supervision, Inspection and

11  Quarantine (AQSIQ) said the Bindeez toys were manufactured by the Wangqi

12  Product Factory in China's southern city of Shenzhen.

13     46.    On November 7, 2007, Defendant Spin Master, Ltd. in conjunction with

14  the CPSC, announced a recall of approximately 4.2 million Aqua Dots toys sold in

15  the U.S. between April 2007 and November 2007.

16     47.    Defendants Spin Master, Ltd. executed the recalls because the coating on

17  the beads, which Defendants designed, manufactured, distributed, marketed and/or

18  sold, and that causes the beads to stick to each other when water is added, converts

19  to GHB that can turn toxic when many are ingested.  Upon information and belief,

20  the Aqua Dots were also manufactured in Shenzhen in the southern Guangdong

21  province of China.

22     48.    On November 9, 2007, China banned the export of these toys.

23  D.     **Defendants Knew, Or Should Have Known, That Aqua Dots'**

24         **Coating Converts to GHB**

25     49.    Defendants knew, or should have known, that the coating on Aqua Dots

26  converts to the illegal GHB substance and presented a serious risk to the health and

27  safety of children.

28

CLASS ACTION COMPLAINT

1    50.    Defendants, however, failed to adequately screen and test the Aqua Dots

2    imported from China.

3    51.    Moreover, Defendants ignored recent reports of unsafe products imported

4    from China, including reports of toys containing impermissible and unsafe levels

5    of lead, seafood containing harmful drugs, toothpaste with an ingredient found in

6    antifreeze, and pet food containing a chemical used to make plastic. These reports

7    followed a recall in November 2006 by Target and the CPSC of 190,000 toys and

8    trucks made in China due to paint containing excessive lead, and a recall in 2005

9    by Dollar General involving similar circumstances.

10    **E.    Defendants Failed to Promptly Notify the CPSC Regarding the**
      **Unsafe Nature of Aqua Dots**

11

12    52.    Manufacturers, importers, distributors and retailers are required to notify

13    the CPSC within 24 hours when they discover information relating to a dangerous

14    defect in a product.

15    53.    Upon information and belief, Defendants learned about the unsafe nature

16    of the Aqua Dots on November 4, 2007, when Defendants were notified by the

17    Ministry of Fair Trading of the problem.

18    54.    Upon information and belief, Defendants notified U.S. retailers about the

19    problem on November 7, 2007, approximately three days after discovering GHB in

20    Aqua Dots or Bindeez toys in Australia.

21    55.    China's AQSIQ is the only entity that has confirmed that the Aqua Dots

22    toys were manufactured by the Wangqi Product Factory. Defendants still have not

23    officially confirmed the name of their supplier responsible for coating Aqua Dots

24    toys with butanediol that converts to GHB. Thus, other toy companies are

25    prevented from knowing for certain which suppliers to avoid.

26

27

28

11
CLASS ACTION COMPLAINT

1

2

### F.   Defendants' Recall Program Does Not Provide Adequate Compensation

3    56.   Plaintiff and the Class purchased an Aqua Dots toy sometime between

4  April 2007 and November 7, 2007.

5    57.   Plaintiff purchased Aqua Dots reasonably believing that it was safe for

6  her child to play with, including the knowledge that children often place toys in

7  their mouths as well as their hands after coming into contact with the toys, like

8  Aqua Dots, while playing.

9    58.   Defendants heavily marketed Aqua Dots to children and touted

10  themselves as the most trusted named in toys.  Defendants, however, failed to

11  disclose material information to Plaintiff and the Class, namely, that the Aqua Dots

12  contained a toxic chemical that converts to GHB, and that GHB poses a danger and

13  health risk to children.

14    59.   Upon information and belief, instead of offering Plaintiff and the Class

15  full refunds of the purchase price paid for the Aqua Dots, Defendants only agree to

16  provide free replacement beads or a toy of equal value.  Retailers may or may not

17  offer full refunds for the purchase of Aqua Dots.  To obtain the replacement beads,

18  Plaintiff and the Class follow onerous procedures.  First, the Plaintiff and the Class

19  must submit an on-line form or call Defendants' recall hotline, and the Defendants

20  will arrange to send a prepaid envelope in order for the purchaser to return the

21  Aqua Dots beads.  Once received by Defendants, Defendants will arrange to send

22  the consumer replacement Aqua Dots beads.

23    60.   Most consumers, however, will not take the time to submit their contact

24  information on-line due to the onerous procedures and also because most, if not all

25  of Defendants' products, are manufactured in China and may present the same or

26  different safety hazards.  Additionally, when a consumer calls the Aqua Dots recall

27  hotline, the consumer is often placed on hold for a long period of time (in some

28  cases, up to two hours).

12

CLASS ACTION COMPLAINT

1    61.    As a result of Defendants' actions as alleged herein, Plaintiff and each

2    Class member has suffered injury-in-fact and has lost money and/or property,

3    notwithstanding Defendants' offer to provide replacement beads or a toy of equal

4    value which is inadequate to compensate Plaintiff and the Class.

5    **VI.    CLASS ACTION ALLEGATIONS**

6    62.    Plaintiff brings this action as a class action pursuant to Federal Rule of

7    Civil Procedure 23 on behalf of herself and all other similarly situated persons as

8    members of a Class initially defined as:  All persons throughout the United States

9    and its territories who purchased one or more Aqua Dots between April 1, 2007

10    through November 7, 2007 and which are subject to the recall announced by the

11    CPSC on November 7, 2007.  Excluded from the Class are Defendants and any

12    entity in which any Defendant has a controlling interest, and their legal

13    representatives, officers, directors, assignees and successors.  Also excluded from

14    the Class is any judge or justice to whom this action is assigned, together with any

15    relative of such judge or justice within the third degree of relationship, and the

16    spouse of any such persons.

17    63.    Upon completion of discovery with respect to the scope of the Class,

18    Plaintiff reserves the right to amend the class definition.

19    64.    **Numerosity**: Membership in the Class is so numerous it is impractical to

20    bring all Class members before the Court.  The identity and exact number of Class

21    members is unknown but can be determined from Defendants.  It is estimated to be

22    tens of thousands or more.

23    65.    **Commonality**: There are numerous and substantial questions of law and

24    fact common to all of the members of the Class which control this litigation and

25    predominate over any individual issues pursuant to Rule 23(b)(3).  These common

26    issues include, but are not limited to:

27

28

CLASS ACTION COMPLAINT

1      a.     Whether Defendants designed, manufactured, marketed and distributed toys containing 1,4-butanediol which can be converted to the toxin GHB when ingested;

b.     Whether Defendants advertised, represented or otherwise presented to the public toys that it manufactures, distributes and sells as safe and high quality;

c.     Whether Defendants falsely represented or omitted material information regarding the tainted toys or their recall;

d.     Whether Defendants engaged in unfair or deceptive trade practices under California law;

e.     Whether Defendants asserted to disclaim any implied warranties;

f.     Whether Defendants intended for the toys to be purchased by Plaintiffs and Class members, or other consumers for use by children;

g.     Whether using the toys as intended resulted in loss, injury and/or damages to Plaintiffs and Class members;

h.     Whether the toys are inherently dangerous;

i.     Whether Defendants are refusing to adequately reimburse Plaintiff and the members of the Class for the cost of the toys;

j.     Whether, as a result of Defendants' omission and reckless conduct, children have been exposed to a known hazardous substance;

k.     Whether Plaintiff and other members of the Class are entitled to injunctive relief; and

l.     Whether Defendants have been unjustly enriched.

66.   **Typicality**:  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the Class sustained damages arising out of the

CLASS ACTION COMPLAINT

1   Defendants' wrongful conduct as detailed herein.  Specifically, Plaintiff's claims
2   and the Class members' claims arise from Defendants' failure to disclose the fact
3   that the toxic chemical butanediol in Aqua Dots converts to GHB.

4       67.   **Adequacy**:  Plaintiff will fairly and adequately protect the interests of the
5   Class members and have retained counsel competent and experienced in class
6   action lawsuits.  Plaintiff has no interests antagonistic to or in conflict with those of
7   the Class members and therefore should be an adequate representative for the Class
8   members.

9       68.   **Superiority**:  A class action is superior to other available methods for the
10  fair and efficient adjudication of this controversy since joinder of all members of
11  the Class is impracticable.  Furthermore, because the damages suffered by
12  individual members of the Class may in some instances be relatively small, the
13  expense and burden of individual litigation make it impossible for such Class
14  members individually to redress the wrongs done to them.  Also, the adjudication
15  of this controversy through a class action will avoid the possibility of inconsistent
16  and possibly conflicting adjudications of the claims asserted herein.  There will be
17  no difficulty in the management of this action as a class action.

18              **VII.  CLAIMS FOR RELIEF**
19              **FIRST CAUSE OF ACTION**
20          **Violation of the Consumers Legal Remedies Act,**
21              **Cal. Civ. Code §§ 1750 *et seq.***

22      69.   Plaintiff incorporates by reference and realleges all paragraphs previously
23  alleged herein.

24      70.   Each Defendant is a "person" within the meaning of Civil Code sections
25  1761(c) and 1770, and provides "goods" within the meaning of Civil Code sections
26  1761(b) and 1770.

27      71.   Defendants' customers, including Plaintiff and Class members, are
28  "consumers" within the meaning of Civil Code sections 1761(d) and 1770.  Each

1    purchase of an Aqua Dots by Plaintiff and each Class member constitutes a

2    "transaction" within the meaning of Civil Code sections 1761(e) and 1770.

3        72.    As set forth herein, Defendants' acts, practices, representations,

4    omissions and course of conduct with respect to the distribution, marketing,

5    advertising and sale of Aqua Dots violate sections 1770(a)(5), (a)(7), and (a)(9) of

6    the Consumers Legal Remedies Act in that:  (a) Defendants represented that goods

7    or services had characteristics, uses, benefits or quantities which they do not have;

8    (b) Defendants represented that goods or services were of a particular standard,

9    quality or grade when they were another; and (c) Defendants advertised goods with

10    intent not to sell them as advertised.

11        73.    Pursuant to the provisions of California Civil Code section 1780, Plaintiff

12    and the Class seek an order enjoining Defendants from engaging in the unlawful

13    acts and practices described herein, including an injunction prohibiting Defendants

14    from selling children's products that expose children to the hazardous materials

15    contained in Aqua Dots.  Plaintiff, on behalf of herself and all Class members, will

16    comply with the preliminary notice provision of California Civil Code § 1782(a)

17    and will amend this complaint in accordance with California Civil Code § 1782(d)

18    as appropriate.

19                          **SECOND CAUSE OF ACTION**

20                 **Violation of the Unfair Competition Law,**

21               **Cal. Bus. & Prof. Code §§ 17200 *et seq.***

22        74.    Plaintiff incorporates by reference and realleges all paragraphs previously

23    alleged herein.

24        75.    By reason of the conduct alleged herein, the acts and practices engaged in

25    by Defendants, and described herein, violated the provisions of Cal. Bus. and Prof.

26    Code §§ 17200 *et seq.*

27

28

CLASS ACTION COMPLAINT

1       76.    As a result of Defendants' practices, Plaintiff and the Class (or their

2   children) have suffered an injury-in-fact.  In addition, Plaintiff and the Class have

3   lost money and/or property in the purchase of Aqua Dots.

4       77.    The conduct alleged herein is a "business practice" within the meaning of

5   Cal. Bus. and Prof. Code §§ 17200 *et seq.*

6       78.    The acts and practices engaged in by Defendants, and described herein,

7   constitute unlawful, unfair, and/or fraudulent business practices in that:  (a)

8   Defendants' practices, as described herein, violate California Consumers Legal

9   Remedies Act, Cal. Civ. Code sections 1750 *et seq.*; and/or (b) the justification for

10  Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff

11  and Class members; and/or (c) Defendants' conduct is immoral, unethical,

12  oppressive, unscrupulous or substantially injurious to Plaintiff and Class members;

13  and/or (d) the conduct of Defendants constitutes fraudulent, untrue or misleading

14  actions in that such conduct has a tendency to deceive a reasonable person,

15  including Plaintiff and Class members.  Such conduct violates California Business

16  & Professions Code sections 17200 *et seq.*

17      79.    As a direct and proximate result of Defendants' business practices,

18  Defendants were able to (a) sell more Aqua Dots than they otherwise would have;

19  and (b) charge inflated prices for the Aqua Dots toys, and accordingly received, are

20  receiving and are in possession of excessive and unjust revenues and profits.

21      80.    Plaintiff and all other Class members have suffered injury-in-fact and

22  have lost money and/or property as a result of Defendants' unfair competition, as

23  more fully set forth herein, notwithstanding Defendants' offer to provide

24  replacement beads or a toy of equal value which is inadequate to compensate

25  Plaintiff and the Class described herein.

26      81.    Defendants' unlawful, unfair, and fraudulent business practices include,

27  but are not limited to, the following:

28

1      (a)   designing, manufacturing, distributing, marketing and/or selling

2  products intended for children and containing butanediol that can be converted to

3  GHB, resulting in children becoming exposed to a hazardous substance;

4      (b)   failing to disclose and/or inadequately disclosing material facts,

5  namely, that Aqua Dots contain butanediol that can be converted to GHB; and

6      (c)   failing to disclose and/or inadequately disclosing material facts,

7  namely, that the Aqua Dots pose a danger and health risk to children.

8      82.   Pursuant to California Business & Professions Code section 17203,

9  Plaintiff and Class members are therefore entitled to equitable relief, including

10  restitution of all monies paid to Defendants for the Aqua Dots, disgorgement of all

11  profits accruing to Defendant because of its unlawful, unfair and fraudulent

12  business practices, a permanent injunction enjoining Defendants from its unlawful,

13  unfair, and fraudulent business activities, and appropriate declaratory relief as

14  described herein.

15                      **THIRD CAUSE OF ACTION**

16             **Breach of Implied Warranty of Merchantability**

17      83.   Plaintiff incorporates by reference and realleges all paragraphs previously

18  alleged herein.

19      84.   Defendants designed, manufactured, sold and/or distributed the toys to

20  parents, guardians, and other consumers of children's toys.

21      85.   At the time that Defendants designed, manufactured, sold and/or

22  distributed the toys, Defendants knew the purpose for which the toys were intended

23  and impliedly warranted that the toys were of merchantable quality; were free of

24  hazardous substances such as butanediol or GHB; were free of manufacturing

25  defects; and were safe and fit for their ordinary purpose – play toys for children.

26      86.   Plaintiff and the Class relied upon the skill, superior knowledge and

27  judgment of the Defendants to sell toys that were reasonably safe for use by

28  children.  Plaintiff could not have known about the risks associated with the toys

18

CLASS ACTION COMPLAINT

1   until after Defendants issued a public notice recalling the toys announcing that the

2   toys were not safe or fit for the ordinary purpose and intended use and were not

3   free of manufacturing defects, but instead were potentially laden with butanediol or

4   GHB, which are banned hazardous substances because of their extreme danger

5   when ingested.

6       87.    Defendants breached their implied warranties under California law in

7   connection with the sale of the toys to Plaintiff and the Class.

8       88.    As a direct and proximate result of Defendants' breach of implied

9   warranties, Plaintiff and the Class have suffered damages.

10              **FOURTH CAUSE OF ACTION**

11                  **Unjust Enrichment**

12      89.    Plaintiff incorporates by reference and realleges all paragraphs previously

13  alleged herein.

14      90.    Defendants received from Plaintiff and Class members certain monies

15  from their purchase of Aqua Dots which are excessive and unreasonable, and are

16  the result of Defendants' deceptive conduct.  The Aqua Dots sold by Defendants

17  were unreasonably dangerous and unfit for their intended purpose.

18      91.    As a result, Plaintiff and the Class have conferred a benefit on

19  Defendants, and Defendants have knowledge of this benefit and have voluntarily

20  accepted and retained the benefit conferred on it.

21      92.    Defendants will be unjustly enriched if they are allowed to retain such

22  funds, and each Class member is entitled to an amount equal to the amount each

23  Class member enriched Defendants and for which Defendants have been unjustly

24  enriched.

25      93.    By reason of the foregoing, Defendants are liable to disgorge to Plaintiffs

26  and the members of the Class the amount by which each Class member enriched

27  Defendants and for which Defendants have been unjustly enriched.

28

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, pray for judgment against Defendants as follows:

A.    For an order certifying the proposed Class herein under Federal Rule of Civil Procedure 23(a) and (b)(3) and appointing Plaintiff and Plaintiff's counsel of record to represent said Class;

B.    For an order that Defendants be permanently enjoined from engaging in the unlawful activities and practices complained of herein;

C.    For an order awarding actual, compensatory and consequential damages;

D.    For an order requiring Defendants to implement safety systems such as third-party laboratory testing of all products imported from China and requiring Defendants to disclose the identity of the supplier responsible for coating Aqua Dots with the chemical that converts to GHB;

E.    For an order awarding restitution and disgorgement of all monies paid by Plaintiff and the Class because of Defendants' unlawful, unfair, and/or fraudulent business practices complained of herein;

F.    For an order requiring Defendants implement a full recall with reasonable procedures that allow Plaintiff and the Class to easily participate in the recall.

G.    Awarding punitive and treble damages as provided under relevant laws;

H.    For declaratory relief as this Court deems appropriate;

I.    For attorneys' fees and costs of suit, including expert witness fees;

J.    For an order awarding pre-judgment and post-judgment interest as prescribed by law; and

K.    For such other and further relief as this Court may deem just and proper.

CLASS ACTION COMPLAINT

1

<u>**DEMAND FOR JURY TRIAL**</u>

2

Plaintiff hereby demands a trial by jury on all claims so triable.

3

DATED:  November 16, 2007                Respectfully Submitted,

4

5

_____

6

Rosemary M. Rivas

7

**FINKELSTEIN THOMPSON LLP**

8

100 Bush Street, Suite 1450

9

San Francisco, California 94101
Telephone:  (415) 398-8700

10

Facsimile:  (415) 398-8704

11

Mila F. Bartos

12

Tracy Rezvani
Karen J. Marcus

13

Rosalee B. Connell

14

**FINKELSTEIN THOMPSON LLP**
The Duval Foundry

15

1050 30th Street NW

16

Washington, D.C. 20007
Telephone:  (202) 337-8000

17

Facsimile:  (202) 337-8090

18

Counsel for Plaintiff Sandra Irene

19

Soderstedt

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SANDRA IRENE SODERSTEDT, on behalf of
herself and all others similarly situated,

PLAINTIFF(S)

v.

MOOSE ENTERPRISE PTY LIMITED; SPIN
MASTER, LIMITED; SPIN MASTER,
INCORPORATED; and DOES 1 through 10

DEFENDANT(S).

CASE NUMBER

CV07-07546   PA  (JWJx)

SUMMONS

**FOR OFFICE USE ONLY**

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Rosemary M. Rivas                              , whose address is:

FINKELSTEIN THOMPSON LLP
100 Bush Street, Suite 1450
San Francisco, CA 94104

an answer to the ☒ complaint ☐ _____ ☐ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you, within ____ days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

**FOR OFFICE USE ONLY**

Clerk, U.S. District Court

Dated:  NOV 1 6 2007                         KENDRA BRADSHAW

By: _____

Deputy Clerk

*(Seal of the Court)*

DOCKETED ON CM

NOV 2 6 2007

BY _____ 067

CV-01A (01/01)                          SUMMONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Jeffrey W. Johnson.

The case number on all documents filed with the Court should read as follows:

## CV07- 7546 PA (JWJx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SANDRA IRENE SODERSTEDT, et al. | MOOSE ENTERPRISE PTY LIMITED; SPIN MASTER, LIMITED; SPIN MASTER, INCORPORATED; and DOES 1 through 10, |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): DAUPHIN COUNTY | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Rosemary M. Rivas (State Bar No. 209147)<br>FINKELSTEIN THOMPSON LLP<br>100 Bush Street, Suite 1450<br>San Francisco, California 94104<br>(415) 398-8700 | Attorneys (If Known)<br>N/A |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☑ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332(d) Class Action Fairness Act and California Consumer Statutes.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (07/05)                          CIVIL COVER SHEET                          Page 1 of 2

CV07-07546

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☑Yes

If yes, list case number(s): Case No. 07-22941 (S.D. Fl.); Case No. 07C-6387 (N.D. Il.); Case No. 07-05110 (W.D. Mo.); and Case No. 07-01112 (E.D. Ar.)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☑A.   Arise from the same or closely related transactions, happenings, or events; or
                          ☑B.   Call for determination of the same or substantially related or similar questions of law and fact; or
                          ☑C.   For other reasons would entail substantial duplication of labor if heard by different judges; or
                          ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

   Plaintiff Sandra Irene Soderstedt resides in Pennsylvania.

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

   Defendant Moose Enterprises PTY Limited resides in Melbourne, Australia.
   Defendant Spin Master, Limited resides in Toronto, Canada.
   Defendant Spin Master, Incorporated resides in Los Angeles County.

**List the California County,** or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

   Los Angeles County

X. **SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_    Date _November 16, 2007_

   **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |